IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **THOMAS TILLEY, ET AL.,** | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:11CV00091 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **NEW PEOPLES BANK, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

This matter comes before the court on defendants' motions to dismiss this removal action. Because I find the action was improperly removed to federal court by the plaintiffs, I will remand the case to state court.

The plaintiffs, represented by counsel, brought an action in state court seeking to enjoin the foreclosure of property located in Smyth County, Virginia. On December 21, 2011, the plaintiffs, proceeding pro se, filed in this court a pleading entitled "Removal of Virginia Civil Action to Federal Court Pursuant to Title 28, U.S.C. Section 1441(b) Clause I, and Title 28, Section 1331, Accompanying." There is no indication that notice of removal was given to the state court, as required by law. 28 U.S.C.A. § 1446(d) (West 2006).

On December 22, 2011, a hearing was held on the injunction action before the Circuit Court of Smyth County, Virginia, and the court decided against the

plaintiffs.  As is the procedure in Virginia state court, the attorneys in that action circulated an order dismissing the state complaint for an injunction and tendered it to the court.  That order was entered on February 1, 2012.

The statute governing the removal of civil actions to federal court states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or defendants*, to the district court of the United States."  28 U.S.C.A §1441(a) (West 2006) (emphasis added); s*ee Chi., Rock Island. & Pac. R.R. v. Stude*, 346 U.S. 574, 580 (1954) (holding that because the railroad was the plaintiff, it could not remove the case to federal court).  The plaintiffs in this case elected to bring their case in state court and they may not avail themselves of the removal statute.

Accordingly, because removal to this court was improper, I will remand the case to state court and direct the clerk of this court to dismiss the case from the docket.  A separate order will be entered herewith.

DATED:   February 13, 2012

/s/  James P. Jones
United States District Judge